**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID DECAYETTE,**

        **Plaintiff,**

 **vs.**                   **9:06-CV-783**

**GLENN S. GOORD,** *et al.***,**

        **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


### DECISION & ORDER

 This matter brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. George H. Lowe, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

 The Report-Recommendation dated March 31, 2009 recommended that Defendants' motion be granted in part and denied in part. On April 21, 2009, Plaintiff filed an objection to the Report-Recommendation. Plaintiff's objection focused primarily on the dismissal of the Complaint against Defendant Commissioner Goord for lack of sufficient personal involvement. On May 19, 2009, Defendant Volpe filed an objection to the Report-Recommendation on the grounds that the action against her should be dismissed in its entirety.

1

When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in Plaintiff's and Defendant's objections respectively, with the exception of the Eighth Amendmente claim of inadequate medical care against Defendant Volpe, this Court has determined to accept the recommendations of Magistrate Judge Lowe for the reasons stated in the Report-Recommendation.

For a plaintiff to succeed on a claim of inadequate medical care in violation of the Eighth Amendment, two factors must be shown: (1)that the plaintiff's medical need was sufficiently serious; and (2) that the defendant was deliberately indifferent to that serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).  A plaintiff's medical need is deemed sufficiently serious under an Eighth Amendment claim if, looked at objectively, it is "a condition of urgency, one that may produce death, degeneration, or

extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1996)(citations omitted). A defendant acts with deliberate indifference when she "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." Id.

Plaintiff has failed to show that the alleged injuries present at the time of his interactions with Defendant Volpe were sufficiently serious to satisfy the first prong.  While it is unclear from Plaintiff's testimony whether Defendant Volpe was present at the time that the alleged injuries were suffered (Dkt. No. 36-4, at 43, lines 7-23), or whether she was brought into the room shortly thereafter, this distinction is immaterial to this claim. Plaintiff admits that his visible injuries were limited to cuts, bruises and swelling. Dkt. No. 36-4, at 49, lines 12-18. Injuries of this nature are not conditions of urgency that threaten death, degeneration or extreme pain. Hickey v. City of New York, No. 01-Civ. 6506(GEL), 2004 WL 2724079, *16 (S.D.N.Y. Nov. 29, 2004)(holding that cuts and bruises do not constitute sufficiently serious medical needs). Moreover, during a meeting with medical personnel on August 5, 2004, which was seven days after the alleged assault, the only injury complained of by Plaintiff was back pain (Dkt. No. 36-4, at 48,49). Plaintiff admits that his back pain was

3

caused by a 2002 bus accident, and does not allege that it was exacerbated by the incident in question. Dkt. No. 36-4, at 15-16. Accordingly, Plaintiff has failed to demonstrate that he had a sufficiently serious medical need.

Assuming, *arguendo*, that Plaintiff's alleged injuries were sufficiently serious, Plaintiff has provided insufficient evidence that Defendant Volpe both knew of and disregarded any such injuries. Plaintiff alleges that he currently suffers nerve damage in his groin area as a result of the alleged assault. Dkt. No. 36-4, at 9. However, the evidence provided by Plaintiff is insufficient to show that Defendant Volpe either knew of or disregarded such injury during her encounters with Plaintiff on or about July 29, 2004 and July 31, 2004.

The first interaction between Defendant Volpe and Plaintiff occurred on July 29, 2004. Dkt. No. 36-12, at 7. According to Plaintiff, Defendant Volpe was either in the room during the alleged assault, or she was brought into the room immediately thereafter. Dkt. No. 36-4, at 43, lines 7-23. However, Plaintiff does not allege that he notified Defendant Volpe of any specific injuries, including to his groin, during this interaction. Further, the fact that Plaintiff was wearing undershorts during this interaction suggests that, even upon visual inspection, Defendant Volpe would likely have been unable to observe an injury to Plaintiff's groin. While Plaintiff does allege to have had blood

4

visible in his underwear, he did not notice this blood until July 31, 2004 (Dkt. No. 1, at 6), approximately two days after his initial interaction with Defendant Volpe.  Accordingly, there is an insufficient basis upon which to conclude that Defendant Volpe was aware of Plaintiff's alleged groin injury at the time of their initial interaction.

The second interaction between Defendant Volpe and Plaintiff occurred on or about July 31, 2004. Dkt. No. 36-4, at 43.  On this date, Plaintiff alleges that he noticed blood in his underwear and notified Capt. Felix. Dkt. No. 1, at 5-6. Plaintiff was subsequently removed from his cell to be photographed and inspected. Id. Shortly thereafter, Defendant Volpe attended to Plaintiff and attempted to retrieve a urine sample from him. Dkt. No. 36-4, at 43.  Plaintiff states that he was unable to provide a urine sample at that time, and that another nurse obtained a urine sample from him the following day. Dkt. No. 36-4, at 46, lines 5-13.  Plaintiff admits that he saw medical staff on the day that he was removed from his cell to be inspected and photographed, which was the same day that Defendant Volpe attempted to retrieve his urine sample.  Dkt. No. 36-4 at 46-47. Further, Plaintiff admits that he has received consistent medical care from a urologist from the time of the alleged assault to the present date. Dkt. No. 36-4, at 10. As such, there is insufficient evidence to suggest that Defendant Volpe disregarded Plaintiff's injuries once she became

aware of the possibility that they may exist.

For the foregoing reasons, Plaintiff has not provided sufficient evidence upon which a fair minded trier of fact could reasonably conclude that he sustained sufficiently serious injuries, or that Defendant Volpe acted with deliberate indifference to a serious injury of which she was aware.

It is therefore

**ORDERED** that summary judgment be granted dismissing all claims against Defendants Goord, Allard, Berry, Meeks, Martin, and Sugg; and it is further

**ORDERED** that summary judgment be granted dismissing the Eighth Amendment claim of inadequate medical care against Defendant Volpe; and it is further

**ORDERED** that Defendant Volpe's motion for summary judgment be denied as to the Eighth Amendment claim of failure to intervene.

The case shall proceed to trial against Defendant Volpe on Plaintiff's Eighth Amendment claim of failure to intervene, against Defendants Schewnki and Roberts on Plaintiff's Eighth Amendment claims of excessive force, and against Defendants Schewnki and Roberts on Plaintiff's First Amendment retaliation claims.

**IT IS SO ORDERED.**

Dated:June 8, 2009

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge